**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**WILLIAM SMITH,**

      **Plaintiff,**

    **-v-**             **08-CV-0485Sr**

**MICHAEL BENSON, Superintendent, et al.,**

      **Defendants.**

---

**DECISION AND ORDER**

   Plaintiff William Smith, acting *pro se*, has submitted a request that the Clerk of the Court issue a subpoena duces tecum to Russell Blair, RN, Ph.D, Executive Department, Forensic Medical Unit, New York State Commission of Corrections for the production of documents regarding Dr. Blair's review of plaintiff's medical records and visits with plaintiff at the Elmira Correctional Facility, and Dr. Blair's recommendation that plaintiff be provided with hearing aids.  *See* Fed.R.Civ.P. 45 (a)(3); *see also Jackson v. Brinker*, 1992 WL 404537 (S.D.Ind., 1992) ("[A] district court may, in its discretion, screen an indigent's subpoena requests and, under certain circumstances, relieve the Marshals Service of their statutory duty to make service.")

   Smith's request is granted and the Court will direct the United States Marshals Service to serve the subpoena by certified mail.  Subpoenas to non-parties are governed by Rule 45 of the Federal Rules of Civil Procedure.  Rule 45(a)(3) provides that the clerk of the court "must issue a subpoena, signed but otherwise in blank" to a party

requesting it, who is responsible for completing the subpoenas before service. Fed. R. Civ. P. 45(a)(3). The service of a subpoena is governed by Rule 45(b), which states, in pertinent part:

> (1) Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and . . . If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.

Fed. R. Civ. P. 45(b)(1). What Rule 45(b) means by "delivering a copy thereof" is not settled. A number of courts have held that the language of Rule 45 requires personal service. *See, e.g., Agran v. City of New York*, 1997 WL 107452 (S.D.N.Y. 1997); *In re Smith*, 126 F.R.D. 461 (S.D.N.Y. 1989); *Benford v. American Broadcasting Co., Inc.*, 98 F.R.D. 40 (D.Md. 1983); *In re Johnson & Johnson*, 59 F.R.D. 174 (D.Del. 1973). However, other courts, including some within the Second Circuit, have held that service by mail may be appropriate. *See, e.g., Cordius Trust v. Kummerfeld*, 2000 WL 10268 (S.D.N.Y. 2000) (granting application for service of subpoena duces tecum upon third party witness by certified mail); *King v. Crown Plastering Corp.*, 170 F.R.D. 355 (E.D.N.Y. 1997) (upholding service of subpoena by mail to third party witness's home); *Doe v. Hersemann*, 155 F.R.D. 630 (N.D.Ind. 1994); *First Nationwide Bank v. Shur*, 184 B.R. 640 (Bkrtcy.E.D.N.Y. 1995). The courts that have upheld service by mail have not found any requirement in the language of Rule 45(b)(1) that mandates personal service. *Cordius Trust,* 2000 WL 10268, at *2*; King*, 170 F.R.D. at 356

Plaintiff cannot attempt to serve third party subpoenas by regular mail because a party may not effect service himself under Rule 45. *See, e.g., Windsor v. Martindale*, 175 F.R.D. 665, 671 (D. Col. 1997). However, plaintiff has been granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] Based on that grant, service of the summons and complaint was handled by the United States Marshals Service without payment of costs under the provisions of 28 U.S.C. § 1915(d), which provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." Service by mail by the United States Marshals Service is a variation of service, and due to limited staff and budget constraints, certified mail is used for service by the United States Marshals Service on many pleadings because it provides a fair and economical means of serving process and has been found to comply with the Due Process Clause. *See First Nationwide Bank v. Shur*, 184 B.R. at 643; *Windsor,* 175 F.R.D. at 670.

Accordingly, the court hereby directs the Clerk of the Court to issue a subpoena duces tecum to plaintiff William Smith, and to forward it to him together with the copy of this order and a U.S. Marshals Service forms (USM-285) to obtain service of the subpoena. Plaintiff is directed to fill in only the front of the subpoena with respect to the documents sought from the third-party to be subpoenaed. Plaintiff must then submit the subpoena to the Clerk of the Court with the completed United States Marshals Service forms for the subpoena. Upon receipt, the Clerk of the Court is directed to cause the United States Marshals Service to serve the subpoena on Russell Blair, RN, Ph.D,

---

[1] Plaintiff was granted permission to proceed *in forma pauperis* by the order filed January 5, 2009. (Docket No. 6).

Executive Department, Forensic Medical Unit, New York State Commission of Corrections

by certified mail.


       SO ORDERED.


Dated:      Buffalo, New York
             November 4, 2010


                                      *s/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**