**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**WILLIAM SMITH, 08-B-0527,**

                                        **Plaintiff,**                                **08-CV-0485(Sr)**

**v.**

**ERIE COUNTY HOLDING CENTER, et al.,**

                            **Defendants.**

_____

## DECISION AND ORDER

            This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #111.


            Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that during his pretrial detention at the Erie County Holding Center ("ECHC"), and Erie County Correctional Facility ("ECCF"), beginning in 2006 and continuing through February of 2008, he was denied appropriate medical care for his chronic mastoiditis; denied reasonable accommodations for his severe hearing loss; and disciplined for failing to obey an order he could not hear.  Dkt. #7.


            By Order entered May 31, 2011, the Court granted plaintiff's motion to appoint counsel.  Dkt. #87.

Currently before the Court is plaintiff's motion to amend the complaint and extend the Case Management Order.  Dkt. #98. For the following reasons, the motion is granted in part.

**Good Cause for late amendment - Fed.R.Civ.P 16(b)**

Defendants argue that the motion to amend should be denied because plaintiff has not demonstrated good cause for his failure to amend prior to the deadline set forth in the Court's Case Management Order.  Dkt. #100, p.4.

Plaintiff declares that the delay of less than four months was due to appointed counsel's diligent attempts to review documents and obtain additional discovery from defendants and third parties to ascertain proper defendants and appropriate causes of action.  Dkt. #97, ¶¶ 20, 23 & 26.  Plaintiff notes that defendants have not yet been able to provide plaintiff's entire institutional medical file or medical records from other providers such as the Erie County Medical Center and Buffalo Hearing and Speech, despite their prior possession of an authorization from plaintiff to do so; that the Commission on Corrections and the ECHC have yet to respond to plaintiff's request pursuant to the Freedom of Information Law; and that it was only upon receiving medical records and other documents pursuant to their independent efforts that counsel possessed a good faith basis for the proposed amended complaint. Dkt. #102, pp.3-6.  Given the ongoing paper discovery and the lack of depositions of any defendants, plaintiff asserts that the amendments to the complaint will neither prejudice the defendants nor delay the prosecution of this action.  Dkt. #102, pp.7-8.

-2-

Fed.R.Civ.P 16(b) requires that the district court enter a scheduling order setting deadlines for, *inter alia*, amendment of pleadings and completion of discovery. The scheduling order cannot not be modified except by leave of the district court upon a showing of good cause.  Fed.R.Civ.P 16(b).  "[T]he rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed."  *Parker v. Columbia Pictures Indus*, 204 F.3d 326, 339-340 (2d Cir. 2000) (internal citation omitted).  Accordingly, "a person seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b)."  *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

"'Good cause' means that scheduling deadlines cannot be met despite a party's diligence."  *Carnrite v. Granada Hosp. Group, Inc*., 175 F.R.D. 439, 446 (W.D.N.Y. 1997); *see Parker*, 204 F.3d at 340 ("finding of 'good cause' depends on the diligence of the moving party."); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").  Good cause can be established when a party does not discover a basis to amend the pleadings or add parties until the scheduling order's deadline to do so has passed.  *See Oxaal v. Internet Pictures Corp.,* 00CIV1863, 2002 WL 485704 (N.D.N.Y. Mar. 27, 2002) (good cause established where, subsequent to scheduling order deadline for amendment of pleadings, Federal Circuit decision "established new rule of law" which defendant sought to assert as a

defense in his amended answer); *Deghand v. Wal-Mart Stores*, 904 F.Supp 1218 (D.

Kansas 1995) (good cause established where defendant did not supplement its

disclosure under Rule 26 to reveal letter suggesting defamation of plaintiff until the

deadline for moving to amend the pleadings or add parties had passed); *Robinson v.

Colonie*, 91-CV-1355, 1993 WL 191166 (N.D.N.Y. June 3, 1993) (good cause

established where plaintiffs did not learn that they had confused the identity of

defendants until they observed defendants at deposition, which was conducted

subsequent to scheduling order deadline for filing amended pleadings).


In the instant case, in light of counsel's declaration of diligent attempts to

obtain and review plaintiff's extensive medical records and public documents relating to

the management of the ECHC and ECCF and applicable standards for accommodating

inmates with hearing loss, the Court finds good cause for the filing of the motion to

amend the complaint subsequent to the deadline set forth in the Case Management

Order.


**Leave to Amend the Complaint -  Fed.R.Civ.P 15(a)**

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave

of court or by written consent of the adverse party.  Leave to amend is to be "freely

granted" unless the party seeking leave has acted in bad faith, there has been an

undue delay in seeking leave, there will be unfair prejudice to the opposing party if

leave is granted, or the proposed amendment would be futile.  *Foman v. Davis,* 371

U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a).  "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  "Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted."  *W.R. Grace & Co. v. Zotos Int'l, Inc.*, 98-CV-838, 2000 WL 1843282 (W.D.N.Y. Nov. 2, 2000).  The decision to grant or deny a motion for leave to amend a pleading is within the discretion of the district court.  *Foman,* 371 U.S. at 182.

        "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  *Lucente v. Int'l Business Machines, Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

        Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id., quoting Twombly*, 550 U.S. at 555.


**Leave to Add Defendants -  Fed.R.Civ.P 21**

Although Fed. R. Civ. P. 15(a) generally governs the amendment of complaints, where the proposed amendment seeks to add new defendants, Fed. R. Civ. P. 21 governs. *Rush v. Artuz*, 00CIV3436, 2001 WL 1313465, at *5 (S.D.N.Y. Oct. 26, 2001). Rule 21 states that "[p]arties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. "In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Rush*, 2001 WL 1313465, at *5 (internal quotation omitted); *see Clarke v. Fonix Corp.,* 98 CIV 6116, 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999), *aff'd* 199 F.3d 1321 (2d Cir. 1999).


<u>Section 1983 Claim against Erie County</u>

Plaintiff's first proposed cause of action seeks to hold Erie County and its policymakers, County Executive Chris Collins and Sheriff Timothy Howard, liable for the County's custom, policy and practice of, *inter alia*, ignoring serious medical needs of inmates; failing to maintain sufficient medical staff to provide for serious medical needs

of inmates; maintaining a policy by which inmates were denied necessary medication or medical devices for reasons unrelated to legitimate security concerns; failing to budget for adequate medical care and assistive devices; failing to promulgate or implement policies or procedures for monitoring medical needs and treatment of inmates; and failing to designate a coordinator for disabled inmates to ensure compliance with ADA guidelines, thereby exhibiting deliberate indifference to the serious risk created by these practices, policies and procedures, or the absence thereof.  Dkt. #97-1, ¶ 68.

Defendants argue that Erie County cannot be held vicariously liable for the acts of the Sheriff or his employees and does not owe plaintiff a duty related to his care and custody, as that responsibility rests with the Sheriff pursuant to New York State Correction Law § 500-c.  Dkt. #100, pp.7-12.  Defendants also argue that the cause of action is futile because plaintiff's complaint fails to allege sufficient factual allegations to demonstrate a policy or custom upon which to predicate liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Dkt. #100, pp.14-19.

Plaintiff responds that the County may be held liable for its custom, practice and/or policy evincing a deliberate indifference to plaintiff's medical needs and disability.  Dkt. #102, p.10.

While defendants are correct that "a county is not vicariously liable for the tortious acts of a sheriff," a county "can incur section 1983 liability as a consequence of policies it promulgates."  *Weber v. Dell*, 804 F.2d 796, 802 (2d Cir. 1986), *cert. denied*

*sub nom. County of Monroe v. Weber*, 483 U.S. 1020 (1987).  More specifically, "New York counties can be liable for the decisions of the sheriff as final policymaker over issues related to jail operations." *Sheriff's Silver Star Assoc. of Oswego Cnty., Inc. v. Cnty. of Oswego*, 56 F. Supp.2d 263, 267 (N.D.N.Y. 1999)*.*

      The existence of a municipal policy may be established in one of four ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by the government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policy makers to train or supervise subordinates with *scienter* that such failure may foreseeably lead to specific types of constitutional violations."  *Beckwith v. Erie Cnty. Water Auth*., 413 F. Supp.2d 214, 225 (W.D.N.Y. 2006).  "Thus, where a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983."  *Amnesty America v. Town of West Hartford,* 361 F.3d 113, 126 (2d Cir. 2004) (internal quotations omitted).

      In the instant case, plaintiff has alleged that the County lacked a policy and training protocol for appropriately assessing, treating and accommodating inmates with sensorial disabilities and that the absence of such a policy was noted by the New York State Commission on Corrections as part of its determination that the medical

treatment plaintiff received fell short of community standards of medical care.  In

particular, plaintiff alleges correspondence between the New York State Commission on

Corrections and Sheriff Howard regarding plaintiff's medical care and Undersheriff

Doyle's communication to the New York State Commission on Corrections advising that

they had drafted and were reviewing a policy and procedure for addressing

subspecialty care provider recommendations for treatment.  Dkt. #97-1, ¶¶ 46-50.

These factual allegations are sufficient, at this stage of the proceedings, to set forth a

§ 1983 claim against the County.  However, inasmuch as a claim against a municipal

officer in his official capacity is merely another way of asserting a claim against the

governmental entity employing that official, plaintiff's claims against defendants Collins

and Howard in their official capacities, are dismissed as redundant.  *Beckwith*, 413 F.

Supp.2d at 224-25.


Section 1983 Claim against Collins, Howard, Doyle, Benson, Koch, Bienko,
Leary & Gaines

Plaintiff's second proposed cause of action seeks to hold Chris Collins,

Timothy Howard, Brian Doyle, Michael Benson, Robert Koch, Captain Bienko,

Lieutenant Leary and Sergeant Gaines liable for their inadequate supervision and

training of jail staff regarding appropriate accommodations for hearing impaired inmates

such as plaintiff. Dkt. #97-1.


Defendants argue that plaintiff has failed to allege the personal

involvement of the individual defendants in the alleged deprivation of plaintiff's

constitutional rights.  Dkt. #100, pp.14-16.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.  *Iqbal*, 556 U.S. at 676.  Thus, it is well settled that the personal involvement of defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983.  *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)*; Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989).  Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created or permitted the continuation of a policy or custom under which unconstitutional practices occurred; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating unconstitutional acts were occurring.  *Colon*, 58 F.3d at 873.

Plaintiff's allegations regarding correspondence between the New York State Commission on Corrections and Sheriff Howard regarding plaintiff's medical care and Undersheriff Doyle's communication to the New York State Commission on Corrections contesting plaintiff's disability and need for hearing aids and advising that they had drafted and were reviewing a policy and procedure for addressing subspecialty care provider recommendations for treatment are sufficient, at this stage of the proceedings, to set forth the personal involvement of Sheriff Howard and

Undersheriff Doyle.  Dkt. #97-1, ¶¶ 46-50.  In addition, plaintiff's allegation of written

and/or face to face contact with Undersheriff Doyle, First Deputy Superintendent

Benson, Deputy Superintendent Koch, Captain Bienko, Lieutenant Leary and Sergeant

Gaines wherein he discussed his need for hearing aids and inadequate medical

treatment is sufficient, at this stage of the proceedings, to set forth their personal

involvement.  Dkt. #87-1, ¶¶ 25, 43.  However, plaintiff has not alleged any facts to

suggest the personal involvement of County Executive Chris Collins in the denial of

adequate medical treatment to plaintiff during his incarceration at ECHC or ECCF.

Accordingly, the motion to dismiss is granted with respect to defendant Collins in his

individual capacity.


ADA & Section 504 liability of Collins and Howard

Plaintiff's seventh and eighth proposed causes of action allege denial of

reasonable accommodations for plaintiff's hearing loss against Erie County, Chris

Collins and Timothy Howard pursuant to Title II of the ADA and Section 504 of the

Rehabilitation Act.  Dkt. #97-1, ¶¶ 101-119.


Defendants argue that the ADA and Section 504 imposes liability against

public entities rather than individual defendants.  Dkt. #100, pp.12-13.


Plaintiff responds that it seeks to hold defendants Collins and Howard

liable for these causes of action pursuant to both their individual and official capacity.

Dkt. #102, pp.12-13.

Because the ADA and Rehabilitation Act do not provide for liability against individual defendants, plaintiff's claims under these statutes are dismissed against defendants Collins and Howard.  *Fox v. State Univ. of N.Y.*, 497 F. Supp.2d 446, 451 (E.D.N.Y. 2007); *Allah v. Goord*, 405 F. Supp.2d 265, 279 (S.D.N.Y. 2005).

Punitive Damages

Defendants argue that punitive damages may not be recovered against municipalities or municipal employees sued in their official capacity pursuant to 42 U.S.C. § 1983 and that punitive damages are unavailable against municipalities pursuant to the ADA and Section 504.  Dkt. #100, p.20.

Plaintiff concedes that he is not entitled to punitive damages against the County.  Dkt. #102, p.16.

As it is well settled that a municipality cannot be held liable for punitive damages pursuant to 42 U.S.C. § 1983,  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), and that punitive damages may not be awarded in suits brought pursuant to Title II of the ADA and Section 504 of the Rehabilitation Act, *Barnes v. Gorman*, 536 U.S. 181 (2002), plaintiff's claim for punitive damages is dismissed against the County of Erie.

## <u>CONCLUSION</u>

Based on the foregoing, it is ordered that plaintiff's motion to amend the complaint (Dkt. #98), be granted except with respect to plaintiff's claims against defendants Collins and Howard in their official capacities as to plaintiff's first cause of action; defendant Collins in his personal capacity as to plaintiff's second cause of action; defendant Collins and Howard as to plaintiff's seventh and eighth causes of action; and plaintiff's claim for punitive damages against the County of Erie.


**SO ORDERED.**

**DATED:**      **Buffalo, New York**
               **May 23, 2013**


                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**