UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM SMITH,

       **Plaintiff,**

   -v-                08-CV-0485Sr

MICHAEL BENSON, Superintendent, et al.,

       **Defendants.**

---

## **DECISION AND ORDER**

   This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #111.

   Plaintiff commenced this action pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act; and the Rehabilitation Act, alleging that during his pretrial detention at the Erie County Holding Center ("ECHC"), and Erie County Correctional Facility ("ECCF"), beginning in 2006 and continuing through February of 2008, he was denied appropriate medical care for his chronic mastoiditis; denied reasonable accommodations for his severe hearing loss; and disciplined for failing to obey an order he could not hear.  Dkt. #7.

   By Order entered May 31, 2011, the Court granted plaintiff's motion to appoint counsel.  Dkt. #87.

By Order entered March 21, 2016, the Court resolved plaintiff's motion to compel.  Dkt. #160.  Specifically, the Court directed defendants to supplement their responses to certain discovery requests; respond to plaintiff's second set of interrogatories; produce any and all agreements or documents relating to Erie County's employment relationship with Mr. Swain and/or contractual relationship with Physician's Assistants of Western New York from 2006 through the present; and permit inspection and photographs of the ECHC as requested by plaintiff, to the extent that such inspection can be accomplished without compromising the security of the facility.  Dkt. #160.  To the extent that legitimate security concerns preclude such inspection, the Court directed defendants to provide plaintiff with video as well as photographs of the locations and devices sought to be inspected. Dkt. #160.  The Court also awarded plaintiff's *pro bono* counsel attorney's fees for a total of 17.5 hours at a reasonable hourly rate to be determined by the parties.  Dkt. #160.

On March 31, 2016, plaintiff's counsel requested payment at her hourly billable rate of $250.00, for a total of $4,375.00.  Dkt. #164-1, p.2.  Plaintiff's counsel also suggested April dates for inspection of the ECHC and May dates for depositions, presuming receipt of discovery materials by the end of April.  Dkt. #164-1, p.2.

By letter dated April 11, 2016, defense counsel requested an affidavit setting forth the reasonableness of the total hours expended in connection with the discovery motion.  Dkt. #164-1, p.5.

By letter dated April 12, 2106, plaintiff's counsel requested that the inspection proceed in May so that the parties could proceed with depositions. Dkt. #164-1, p.4.

By letter dated April 19, 2016, plaintiff's counsel objected to defense counsel's request for an affidavit, noting that the Court determined that plaintiff's counsel was entitled to compensation for half of the 35 hours plaintiff's counsel declared was expended on the motion to compel. Dkt. #164-1, pp.7-8. Plaintiff's counsel noted:

> This is our third letter since the Court issued its Order nearly a month ago trying to resolve these issues. Further, we have not received the discovery response required by the Court's Order; we have not heard back from you regarding dates for depositions as we proposed in our previous correspondence. We have also not heard back from you with regard to dates for a photographic inspection of the Erie County Holding Center. As you know, our trial calendars are such that we had hoped to accomplish the inspection and proceed with at least two to three days of depositions in the month of May. Please advise immediately whether we can go forward. Otherwise, we may be in the unfortunate position of having to move to compel compliance with the Judge's March 21, 2016 Order.

Dkt. #164-1, p.8.

By letter dated July 26, 2016, plaintiff's counsel provided defense counsel with an affidavit regarding the number of hours expended with respect to the motion to compel discovery and requested payment of $4,375.00. Dkt. #164-1, p.10.

Currently before the Court is plaintiff's motion to compel compliance with the Court's Order. Dkt. #164. Plaintiff's counsel seeks additional attorney's fees to compensate for the time expended in seeking such compliance. Dkt. #164.

In response to the motion to compel compliance with the Court's Order, defense counsel appears to excuse his failure to comply on the ground that the Court's "Order does not include a date for which discovery is to be complied with" and because the discovery deadline was extended until November 11, 2016. Dkt. #167, ¶ 3. Defense counsel further declares that he "reached out to counsel for the Plaintiff by phone on September 8, 2016 in an attempt to agree on a date certain to respond to the Court Order, issue payment of fees, and schedule an inspection." Dkt. #167, ¶ 4. Finally, defense counsel declares that defendants' have responded to the outstanding discovery and paid the award of attorneys' fees, rendering plaintiff's motion moot. Dkt. #167, ¶ ¶ 4 & 5. Despite this declaration, defense counsel states that

> allowing an inspection poses a sincere security concern. However, the County Defendants consent to an inspection, but require further clarification for the scope of the inspection. The County Defendants would request the Plaintiff specify the location within the Holding Center along with how such inspection would be material and necessary to the prosecution of the action in light of the supplemental discovery responses.

Dkt. #167, ¶ 6.

The Court finds defense counsel's failure to respond to plaintiff's attempts to obtain compliance with the Court's Order disrespectful to both opposing counsel and the Court. To suggest that compliance with this Court's Order could be ignored pending

expiration of the Case Management Order's discovery deadline ignores the obvious fact that discovery, particularly depositions, could not proceed until defendants' complied with this Court's Order.

Defendants are directed to allow plaintiff's counsel to inspect, photograph and videotape those areas of the Erie County Holding Center that plaintiff's counsel deems material and necessary to the prosecution of this action or, to the extent that the parties agree that inspection of certain areas pose legitimate security concerns, defendants shall provide photographs and videos of such areas. Any dispute regarding the legitimacy of plaintiff's request for inspection shall be brought by motion of the defendants no later than **December 2, 2016.**  The inspection shall be completed no later than **January 20, 2017.**   Depositions shall be completed no later than **March 31, 2017.**   Plaintiff's expert disclosures shall be filed no later than **April 14, 2017**. Defendants' expert disclosures shall be filed no later than **May 12, 2017.**  All discovery shall be completed by **July 21, 2017.**  Dispositive motions shall be filed no later than **August 25, 2017.**

Contrary to defense counsel's argument, an award of attorney's fees is appropriate to the circumstances presented.  Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted –
> or if the disclosure or requested discovery is provided after
> the motion was filed – the court must, after giving an
> opportunity to be heard, require the party or deponent whose
> conduct necessitated the motion, the party or attorney

>   advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:
>
>   (I)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>   (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>   (iii) other circumstances make an award of expenses unjust.

Having failed to comply with the Court's Order for nearly 6 months, despite the good faith efforts of plaintiff's counsel to obtain such compliance and move this case forward, and having forced plaintiff's counsel to file this motion, the Court finds an award of four hours of attorney time at a reasonable hourly rate of $250.00, for a total award of $1,000.00, to be appropriate. Defendants shall provide a check in this amount, made payable to plaintiff's attorneys, no later than **December 16, 2016.**

      **SO ORDERED.**

**DATED:**    Buffalo, New York
               November 17, 2016

                                              **s/ H. Kenneth Schroeder, Jr.**
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**