UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM SMITH,

       Plaintiff,

    -v-                08-CV-0485A(Sr)

MICHAEL BENSON, Superintendent, et al.,

       Defendants.

---

## DECISION AND ORDER

    This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #111.

    Plaintiff commenced this action pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act; and the Rehabilitation Act, alleging that during his pretrial detention at the Erie County Holding Center ("ECHC"), and Erie County Correctional Facility ("ECCF"), beginning in 2006 and continuing through February of 2008, he was denied appropriate medical care for his chronic mastoiditis; denied reasonable accommodations for his severe hearing loss; and disciplined for failing to obey an order he could not hear. Dkt. #7.

    By Order entered May 31, 2011, the Court granted plaintiff's motion to appoint counsel. Dkt. #87.

On October 6, 2017, the Court conducted a lengthy settlement conference. Plaintiff, represented by counsel, agreed to settle this matter for the sum of $25,000.00, with the understanding that such proceeds could be subject to the provisions of New York Executive Law § 632-a. The Court also confirmed plaintiff's understanding that this settlement resolved all claims asserted in plaintiff's complaint. The parties were directed to submit a stipulation of settlement within 30 days. Dkt. #177.

In response to the Court's request for a status report, plaintiff's appointed counsel advises that her client has declined to sign the paperwork acknowledging the terms of the settlement. As the terms of the settlement were not in dispute, the Court authorized plaintiff's counsel to execute the settlement documents on plaintiff's behalf and to take any additional steps necessary to finalize the settlement of this lawsuit. Dkt. #179.

By letter dated March 6, 2018, plaintiff advised the Court, "yes, I did agree to settle for the $25,000, but had a change of mind." Dkt. #180.

By Text Order entered March 8, 2018, the Court determined that plaintiff had set forth no legal basis to set aside the settlement and directed appointed counsel to execute the documents necessary to acknowledge the terms of the settlement. Dkt. #181. In addition, in accordance with plaintiff's request, the Court directed that appointed counsels' representation of plaintiff would terminate upon filing of the

stipulation of discontinuance. Dkt. #181. As a result, the Court advised plaintiff that any further challenge to the settlement would proceed pro se. Dkt. #181.

The stipulation of dismissal was filed on March 15, 2018 and approved with prejudice by the Hon. Richard J. Arcara on March 16, 2018. Dkt. #182 & Dkt. #183.

Plaintiff's motion to stop the settlement, which was mailed to the Court of Appeals, was returned to this court and construed as a Notice of Appeal of the decision to deny plaintiff's request to change his mind about the settlement. Dkt. #184 & Dkt. #185.

Plaintiff subsequently filed a Notice of Appeal of the settlement agreement, in which he states that he did agree in court to the settlement amount but wishes to withdraw his in court agreement and go to trial. Dkt. #188 & Dkt. #189.

Plaintiff has been granted IFP status for his appeal. Dkt. #188.

By motion dated March 28, 2018, plaintiff has requested a copy of his file Dkt. #187.

For purposes of his appeal, plaintiff need only obtain a copy of the transcript of the settlement placed on the record. Thus, nothing in the case file is

relevant to the issue plaintiff raises on appeal. Moreover, the Court is concerned that possession by plaintiff of confidential discovery materials detailing the physical characteristics and management of the ECHC and ECCF would present a threat to the security of those facilities and be considered contraband by NYSDOCCS. Furthermore, in the Court's experience, *pro se* prisoners' litigation materials are commonly lost or destroyed during transfer between cells and facilities. Finally, given the length of this litigation and the breadth of discovery conducted prior to settlement, the Court is concerned that the size of the case file may exceed NYSDOCCS regulations regarding the volume of inmate legal materials. As a result, plaintiff's motion for release of his file is denied without prejudice to renewal should plaintiff prevail on appeal. Plaintiff's prior *pro bono* counsel is directed to retain plaintiff's file in accordance with customary retention practices.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**April 3, 2018**

          **s/ H. Kenneth Schroeder, Jr.**
          **H. KENNETH SCHROEDER, JR.**
          **United States Magistrate Judge**